UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA HERNOKO,<br><br>        Plaintiff,<br><br>   v.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social<br>Security<br><br>        Defendant. | No. 05-3163 BZ<br><br>**ORDER GRANTING PLAINTIFF'S ATTORNEY'S MOTION FOR ATTORNEYS' FEES** |

Before me is plaintiff's counsel Tony Arjo's amended motion for attorneys' fees.[1]  Arjo moves for an award of $6,300.00 pursuant to 42 U.S.C. section 406(b).  In pertinent part, section 406(b) provides that a court may award counsel reasonable attorneys' fees, not to exceed 25 percent of total past-due benefits to which the claimant is entitled by reason of a favorable judgment.  See 42 U.S.C. § 406(b)(1)(A).

---

[1] All parties have consented to my jurisdiction, pursuant to 28 U.S.C. § 636(c), for all proceedings, including entry of final judgment.

1

A court reviewing a petition for section 406(b) fees serves "as an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys yield reasonable results.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  As long as the resultant fee is within the 25 percent statutory cap, the attorney need only "show that the fee sought is reasonable for the services rendered."  Id.

Plaintiff filed her appeal of defendant's denial of her Social Security payments with this court in August 2005. Plaintiff and Arjo entered into a contingency fee agreement setting fees at 25 percent of awarded past-due benefits.[2]  In June 2006, I entered judgment in favor of plaintiff, directing defendant to calculate and pay the disability benefits owed.  Plaintiff was subsequently awarded past-due benefits through May 2006 totaling $26,292.[3]  Defendant withheld approximately $6,573 from plaintiff's total award in anticipation of attorneys' fee claims under section 406(b).[4]

---

[2] There is nothing in the record to suggest that the fee agreement was coerced or that it is otherwise unenforceable.

[3] The October 3, 2006 Notice of Award was issued concurrently with a check for plaintiff representing all benefits owed through August 2006.  Although rather cryptic, the Notice includes the exact figures plaintiff was awarded. Arjo and defendant agree, and the court's own calculations verify, that plaintiff was owed $26,292 in benefits from June 2002 through May 2006.  25 percent of that figure is $6,573, the maximum fee Arjo could seek under section 406(b).

[4] Arjo asserts, and defendant agrees, that $6,573 – exactly 25 percent of the $26,292 figure – was withheld from plaintiff's initial check.  Although difficult to discern from the Notice, the court's own calculations suggest that an amount slightly in excess of $6,573 may have been withheld.  At any

As already noted, Arjo seeks $6,300 - an amount slightly below the 25 percent maximum he could seek.

To demonstrate the reasonableness of his request, Arjo submitted a one-page "time log" accounting for time worked on plaintiff's case.  The accounting shows that Arjo worked a total of 23.8 hours on the case.  The hours were largely spent on preparing various filings in the matter, and seem eminently reasonable.  The case moved quickly, and there is no indication that Arjo filed superfluous papers.

In light of the hours expended on the matter, defendant argues that an award of $6,300 is tantamount to approving a de facto hourly rate of $264.71.  Assuming that a contingency fee agreement may be so construed, I cannot say as a matter of law that the rate is unreasonable.  See Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) (approving of a de facto hourly rate of $450, and citing numerous cases in which courts approved of similarly high de facto rates).  Indeed, considering that plaintiff continues to collect payments and enjoy the benefits of Arjo's work, the award does not appear unreasonable.  In short, an award of $6300 is reasonable in light of the work tasks completed and the overall benefit to plaintiff.

Here, however, Arjo and defendant stipulated to an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412(d), in the amount of $3,500.  In

---

rate, Arjo seeks less than the full 25 percent amount, and any remaining funds withheld by defendant will be refunded to plaintiff.

circumstances in which a court awards fees under both EAJA and section 406(b), the lesser of the two awards shall be refunded to the claimant. See Gisbrecht, 535 U.S. at 796; Hearn, 262 F. Supp. 2d at 1038.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Arjo's motion for attorneys' fees is **GRANTED** in the amount of $6,300, to be paid out of the sums withheld by defendant;
2. Defendant shall refund to plaintiff any funds withheld in anticipation of a request for attorneys' fees in excess of the $6,300;
3. Arjo will reimburse plaintiff in the amount of $3,500 - the amount of EAJA fees to which plaintiff's attorney and defendant stipulated.

DATED: December 1, 2006

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\HERNOKO\Order.Granting.Atty.Fees.wpd

4